JUDGE PETERS
delivered the opinion oe the court.
This action.was brought by appellee as a corporation against appellants, to coerce them to contribute ratably to the loss sustained by some of the corporators in purchasing grounds, burning brick, and making other preparations for erecting suitable buildings for a first-class high- *445 school in or near the town of Winchester, as subscribers of stock to said enterprise. And the court below having adjudged that they were responsible, and the parties having agreed that the judgment should be treated as final for the purpose of having the question decided by this court, the defendants in the court below prosecute this appeal.
Appellants deny that they are stockholders in said corporation, and allege in their answers that previous to the passage of the act of the legislature incorporating appellant they signed a paper to the following effect: “ The undersigned agree to pay the sums annexed to their respective names, in five equal annual installments, beginning 1st of January, 1860, and to pay the interest at six per cent, annually in advance till the principal is paid to H. G. Poston, for the purpose of purchasing grounds in or near Winchester, and erecting thereon suitable buildings for a first-class high-school for both sexes — the boarding department for females only. When a sum sufficient in the judgment of the stockholders shall be subscribed, thei’e shall be a meeting of them called, and a permanent organization effected. Upon all questions brought before the contributors each stockholder shall be entitled to one vote for every hundred dollars subscribed.”
By an act of the legislature, approved 14th of February, 1860, Ben M. Groom and six other persons named, and their successors, were constituted a body corporate, under the name and style of the Winchester College, with certain powers therein delegated. It is not alleged that appellants aided in or assented to the procurement of this act of incorporation, or participated in any way in organizing appellee, or claimed to hold stock in it.
By the first section of the act the persons therein named were authorized to make contracts for the benefit of the *446 institution, and to hold such real and personal property as may be donated to the college, or purchased for its use. Conceding that the board of managers had the power under this section to purchase the grounds mentioned in the petition for the benefit of the institution without the direction or expressed concurrence of the stockholders therein, the primary question in the case is, are appellants legally bound by the action of the board of managers in making said purchases, and the expenditures of money?
As a precautionary measure, appellants in their subscriptions, as we have seen, provide that when a sum sufficient to carry out the enterprise shall have been subscribed in the judgment of the subscribers of stock, a meeting of them was to be called and a permanent organization effected. Whether that organization was to be under an act of incorporation or otherwise is not expressed ; but whether in the one way or the other, the subscribers of stock were to be called together and consulted, and the organization was to be effected upon a plan to be agreed upon by a majority of the stockholders, as the terms of subscription most clearly imply. Appellants were not named, nor descriptively included in the grant, and it is not alleged that they, with the other subscribers, were ever called together and consulted as to the mode of organization, or that there was ever any expression of opinion by them as to whether the amount subscribed was sufficient for the purpose proposed. In the absence of such allegation, the implication is that the persons named in the act of incorporation procured the passage of the same without the consent of appellants, and without observing the conditions, or taking preliminary steps required for a permanent organization.
It is essential to the validity of a contract that it be mutual, and that there be parties to it. Appellants did *447 not undertake by the writing subscribed to pay tbe “’Winchester College,” nor did they agree mutually with others to pay the sums named; and in an analogous case it was held by the Supreme Court of Massachusetts that no recovery could be had; inasmuch as the corporation was not a party to the contract, there was no mutuality among the subscribers, and no consideration was passed or had been received (Angell & Ames on Corporations, sec. 255); and that was adjudged when the academy had been built according to the terms of the subscription. But with how much moi’e force does the pi’inciple apply when the terms of the subsciiption have not been complied with.
Real estate was purchased and debts contracted in this case without first obtaining the consent of the subscribers for stock, by seven persons named in the act of incorporation as a board of managers, or rather they are the eorporatox’s, and it does not appear that the subscribers elected them to that position, or that a majority of them concurred, or had a voice in what was being done by the board of managers.
As therefore appellants took no part in procuring the act to be passed, and have not been in any way concerned in the proceedings under it, and especially as by the terms of their agi’eement purchases were not to be made and liabilities created until, in the judgment of the subscribers, a sum had'been subscribed sufficient to effectuate the objects of the association, which it is not alleged was done, they can not be made liable on their subscriptions for any debts contracted by appellee.
Whex’efore the judgment is reversed, and the cause is remanded, with directions for further proceedings consistent herewith.