JOHN G. TULLY *v.* CANE RUN AND KINGSMILL TURNPIKE ROAD COMPANY.

**Corporations—Subscriptions to Capital Stock Before Organization— Change of Name.**

The appellant took two shares of stock, but at the time the subscription was made no act of incorporation had been obtained. Shortly thereafter application was made to the legislature and an act in-

corporating the company obtained, but under a different name from that set forth in the subscription paper.

Held, that the legal effect of the obligation is to pay so much money to construction of a particular turnpike road, and the change of the name of the company, whether by a vote of the directors, or by an act of the legislature, does not alter appellant's liability.

**Corporation—Subscription to Capital Stock—Act of Incorporation—Can Not Enlarge Responsibility.**

Where the act of incorporation enlarges the legal liability of the stockholders, and assumes liabilities that, by the express terms of the subscription, were prohibited, a subscriber will be released of his obligation.

**Corporations—Subscription to Capital Stock—Consideration.**

The appellant and his neighbors undertook with each other to pay certain specified sums of money to aid in the construction of an improvement for their mutual benefit. The subscription by one was the consideration of the subscription of the others.

APPEAL FROM MERCER CIRCUIT COURT.

December 20, 1871.

OPINION BY JUDGE PRYOR:

The appellant with many of his neighbors being desirous of constituting a turnpike road in the county of Mercer where they lived, obligated themselves in writing to pay the president, managers, etc., of the "Harrodsburg and Can Run Turnpike Company" the sum of fifty dollars for every share of stock taken by each subscriber.

The appellant took two shares of stock amounting in all to one hundred dollars. At the time this subscription was made by the parties no act of incorporation had been obtained, but shortly after, an application was made to the Legislature and an act incorporating the company obtained, but under a different name from that set forth in the subscription paper. It does not appear that the appellant assisted in the procurement of this act, or by an act of his, ratified it, after its incorporation. The company under the corporate name of the Cane Run and Kingsmill Turnpike Road Company, instituted the present action against the appellant, in which they allege a failure upon his part to pay his stock, and ask for judgment. It is insisted by

the appellant's counsel that the demurrer to the petition should have been sustained, as the exhibit filed evidencing appellant's liability shows that it is an agreement to pay a different company than the one in whose name the suit is brought, and for the additional reason, that the petition does not set forth a cause of action.

The petition alleges, that the paper signed was to raise money to build a particular road, giving the locality, as well as the beginning and terminous of the same; that this paper was signed previous to the act of incorporation, and is payable as it shows upon its face to the president, managers, etc., of the Harrodsburg and Cane Run Turnpike Road Company that after this paper was signed, an act of the Legislature was obtained incorporating the same company, but in a different name, viz: The Cane Run and Kingsmill Turnpike Road Company. That it is the same company for which the subscription was made as well as the same road; that the parties thereto, and the purposes and objects are all the same, and the only change really made is in the name of the company.

The act of the Legislature can not enlarge or affect the legal responsibility of the appellant on the original paper, and has not affected it in any way, unless the change in the name of the corporation releases him from his subscription. The case referred to by appellant's counsel in *Goff v. Winchester College*, 6 Bush, 443, is not analogous to the case we are now considering.

The act of the Legislature in that case enlarged the legal liabilities of the stockholders, and the corporators had undertaken to contract debts and assume liabilities that by the express terms of the subscriptions they were prohibited from doing, without the consent of the stockholders. In the this case the appellant, by the demurrer, admits that he signed the paper filed with the petition. He admits that it is the same company, composed of the same parties, the same road and that the company or some of them have had the corporate name changed. No action could have been maintained by the appellees upon the obligation on the original name of the company, for the reason that the name had been changed by Legislative enactment. The effect of the obligation is to pay so much money to the construction of a particular turnpike road, and the change of the name

of the company, whether by a vote of the directory, or by an act of the Legislature does not alter appellant's liability.

If the act of the Legislature had changed the route of the contemplated road in such a manner as to deprive the appellant of the benefits to be derived from it, then his rights would have been so materially affected as to release him from obligation, but in this case the testimony of King and others show that it is the same road and the same company, and built from the moneys subscribed to the paper made an exhibit with the petition, the execution of which the appellant does not deny.

The appellant and his neighbors undertook with each other to pay certain specified sums of money, to aid in the construction of an improvement from which all were to derive a local benefit. The subscription by one, was the consideration of the subscription of the others. The neighbors have used their money in executing this joint undertaking, from which all are to derive a common benefit and we perceive no reason why the appellant should not be held responsible. The demurrer to the petition was properly overruled and the allegations thereof are sustained by the proof.

The judgment affirmed.

*Durham, J. D. Hardin, for appellant.*

*C. A. Hardin, for appellee.*